IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **UNITED STATES OF AMERICA,** Plaintiff, <br><br> v. <br><br> **LUIS FONTANEZ-CASTRO,** Defendant. | CRIMINAL NO. 17-1 (PG) |

## PLEA AND FORFEITURE AGREEMENT
### (Pursuant to Fed. R. Crim. P. 11(c)(1)(B))

TO THE HONORABLE COURT:

COMES NOW, the United States of America, by and through its attorneys for the District of Puerto Rico: Rosa Emilia Rodríguez-Vélez, United States Attorney, Timothy Henwood, First Assistant United States Attorney, Jenifer Y. Hernandez-Vega, Assistant United States Attorney and Deputy Chief, Violent Crimes Unit, and Max Pérez-Bouret, Assistant United States Attorney, along with Defendant, **LUIS FONTANEZ-CASTRO**, and his counsel, **JOHN J. CONNORS**, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), state to this Honorable Court that they have reached a Plea and Forfeiture Agreement, the terms and conditions of which are as follows:

1. **COUNTS TO WHICH DEFENDANT PLEADS GUILTY**

Defendant agrees to plead guilty to Counts Two and Three of the Indictment.

**Count Two:**

On or about December 14, 2017, in the District of Puerto Rico and within the jurisdiction of this Court, the defendant herein, did knowingly and intentionally possess with intent to distribute a mixture or substance containing a detectable amount of marijuana, a Schedule I Drug Controlled Substance. All in violation of Title 21, United States Code, Section 841(a).

1

**Count Three:**

On or about December 14, 2017, in the District of Puerto Rico and within the jurisdiction of this Court, the defendant herein, did knowingly possess a firearm, that is a Glock pistol with a laser sight, Model 23, .40 caliber, bearing serial number RFM-489, loaded with 21 rounds inside a 22 round extended magazine, in furtherance of a drug trafficking crime, which may be prosecuted in a Court of the United States, all in violation of Title 18, United States Code, Section 924(c).

**2.     MAXIMUM PENALTIES**

The maximum statutory penalty for the offense charged in Count Two of the Indictment is a term of imprisonment of not more than 5 years, a fine not to exceed two hundred and fifty thousand dollars, ($250,000.00), and a supervised release term of at least two (2) years, all pursuant to 21 U.S.C. § 841(b)(1)(D).

The maximum statutory penalty for the offense charged in Count Three, is a minimum mandatory term of imprisonment of five (5) years up to life, a fine not to exceed two hundred fifty thousand dollars ($250,000) and a term of supervised release of not more than five (5) years.

**3.     SENTENCING GUIDELINES APPLICABILITY**

Defendant understands that the sentence will be left entirely to the sound discretion of the Court in accordance with 18 U.S.C. §§ 3551-86, and the United States Sentencing Guidelines (hereinafter "Guidelines"), which have been rendered advisory by the United States Supreme Court decision in United States v. Booker, 543 U.S. 220 (2005). Further, Defendant acknowledges that parole has been abolished and that the imposition of his sentence may not be suspended.

### 4. SPECIAL MONETARY ASSESSMENT

Defendant agrees to pay a special monetary assessment of one hundred dollars ($100.00), per count of conviction, to be deposited in the Crime Victim Fund, pursuant to 18 U.S.C. § 3013(a)(2)(A).

### 5. FINES AND RESTITUTION

Defendant is aware that the Court may, pursuant to U.S.S.G. § 5E1.2, order him to pay a fine sufficient to reimburse the government for the costs of any imprisonment, probation, or supervised release ordered. The Court may also impose restitution. The United States will make no recommendations as to the imposition of fines and restitution.

### 6. RULE 11(c)(1)(B) WARNINGS

Defendant is aware that his sentence is within the sound discretion of the sentencing judge and of the advisory nature of the Guidelines, including the <u>Guidelines Policy Statements</u>, <u>Application</u>, and <u>Background Notes</u>. Further, Defendant understands and acknowledges that the Court is not a party to this Plea and Forfeiture Agreement and thus, is not bound by this agreement or the sentencing calculations and recommendations contained. Defendant specifically acknowledges that the Court has jurisdiction and authority to impose any sentence within the statutory maximum set for the offense to which Defendant is pleading guilty. Defendant is aware that the Court may accept or reject the Plea and Forfeiture Agreement, or may defer its decision whether to accept or reject the Plea and Forfeiture Agreement until it has considered the pre-sentence investigation report. <u>See</u> Fed. R. Crim. P. 11(c)(3)(A). Should the Court impose a sentence up to the maximum established by statute, Defendant cannot, for that reason alone,

withdraw his guilty plea, and will remain bound to fulfill all of the obligations under this Plea and Forfeiture Agreement. See Fed. R. Crim. P. 11(c)(3)(B).

7. **APPLICABILITY OF UNITED STATES SENTENCING GUIDELINES**

Defendant is aware that pursuant to the decisions issued by the Supreme Court of the United States in the case of United States v. Booker, 543 U.S. 220 (2005), the Guidelines are no longer mandatory and must be considered effectively advisory. Therefore, after due consideration of the relevant factors enumerated in 18 U.S.C. § 3553(a), the United States and Defendant submit the following advisory Guideline calculations:

| SENTENCING GUIDELINE CALCULATION Count II: 21 U.S.C. 841(a) | |
|---|---|
| For Count Two: Base Offense Level pursuant to the Drug Quantity Table in U.S.S.G. § 2D1.1. (Less than 250 grams of Marijuana). | 6 |
| Acceptance of Responsibility, U.S.S.G. § 3E1.1. | -2 |
| Total Adjusted Offense Level | 4 |
| Should the Defendant be a Criminal History Category I, II or III | (0-6) months |
| SENTENCING GUIDELINE CALCULATION For Count III: 18 USC 924(c) | |
| For Count Three of the Indictment where defendant pleads guilty for possessing a firearm in furtherance of a drug trafficking crime, the guideline sentence is the minimum term of imprisonment of (60 months) as required by statute. | (60) months |

8. **NO STIPULATION AS TO CRIMINAL HISTORY CATEGORY**

The parties do **not** stipulate as to any Criminal History Category for Defendant.

9. **SENTENCE RECOMMENDATION**

As to Count Two the parties agree that the defendant will request a sentence at the lower end of the applicable guideline range at a total offense level of 4, when combined with defendant's criminal history category as determined by the Court and the Government will request a sentence

of six months of imprisonment. As to Count Three, both parties will request a consecutive sentence of sixty (60) months. The parties agree that any recommendation by either party for a term of imprisonment below or above the stipulated sentence recommendation constitutes a material breach of the Plea and Forfeiture Agreement.

10. **WAIVER OF APPEAL**

Defendant knowingly and voluntarily agrees that, if the imprisonment sentence imposed by the Court is 66 months or less, the defendant waives the right to appeal any aspect of this case's judgment and sentence, including but not limited to the term of imprisonment or probation, restitution, fines, forfeiture, and the term and conditions of supervised release.

11. **NO FURTHER ADJUSTMENTS OR DEPARTURES**

The United States and Defendant agree that no further adjustments or departures to Defendant's total adjusted base offense level and no variance sentence under 18 U.S.C. § 3553 shall be sought by the parties. The parties agree that any request by either party for an adjustment or departure will be considered a material breach of this Plea and Forfeiture Agreement, and either party will be free to ask for any sentence, either guideline or statutory.

12. **SATISFACTION WITH COUNSEL**

Defendant represents to the Court that he is satisfied with counsel, JOHN J. CONNORS, and asserts that counsel has rendered effective legal assistance.

13. **RIGHTS SURRENDERED BY DEFENDANT THROUGH GUILTY PLEA**

Defendant understands that by entering into this Plea and Forfeiture Agreement he surrenders certain rights as provided in this agreement. Defendant understands that the rights of criminal Defendants include the following:

*JC*
*LFF*

a. If Defendant had persisted in a plea of not guilty to the charges, Defendant would have had the right to a speedy jury trial with the assistance of counsel. The trial may be conducted by a judge sitting without a jury if Defendant, the United States and the judge agree.

b. If a jury trial is conducted, the jury would be composed of twelve lay persons selected at random. Defendant and Defendant's attorney would assist in selecting the jurors by removing prospective jurors for cause where actual bias or other disqualification is shown, or by removing prospective jurors without cause by exercising peremptory challenges. The jury would have to agree, unanimously, before it could return a verdict of either guilty or not guilty. The jury would be instructed that Defendant is presumed innocent, that it could not convict Defendant unless, after hearing all the evidence, it was persuaded of Defendant's guilt beyond a reasonable doubt, and that it was to consider each charge separately.

c. If a trial is held by the judge without a jury, the judge would find the facts and, after hearing all the evidence and considering each count separately, determine whether or not the evidence established Defendant's guilt beyond a reasonable doubt.

d. At a trial, the United States would be required to present its witnesses and other evidence against Defendant. Defendant would be able to confront those witnesses and Defendant's attorney would be able to cross-examine them. In turn, Defendant could present witnesses and other evidence on Defendant's own behalf. If the witnesses for Defendant would not appear voluntarily, Defendant could require their attendance through the subpoena power of the Court.

e. At a trial, Defendant could rely on the privilege against self-incrimination to decline to testify, and no inference of guilt could be drawn from Defendant's refusal to testify. If Defendant desired to do so, Defendant could testify on Defendant's own behalf.

**14. STIPULATION OF FACTS**

The accompanying Stipulation of Facts signed by Defendant is hereby incorporated into this Plea and Forfeiture Agreement. Defendant adopts the Stipulation of Facts and agrees that the facts therein are accurate in every respect and, had the matter proceeded to trial, that the United States would have proven those facts beyond a reasonable doubt.

**15. FIREARMS FORFEITURE**

Pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c), Defendant agrees to forfeit all of his right, title, and interest in the following property (hereafter, collectively, the "Property"): is a Glock pistol with a laser sight, Model 23, .40 caliber, bearing serial number RFM-489, loaded with an extended magazine and 22 rounds of ammunition, involved in the commission of the offense. Defendant acknowledges that he possessed the Property in violation of 18 U.S.C. §§ 924(c), as set forth in Count Three of the Indictment, and that the Property is therefore subject to forfeiture to the United States pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c).

**16. LIMITATIONS OF PLEA AND FORFEITURE AGREEMENT**

This Plea and Forfeiture Agreement binds only the United States Attorney's Office for the District of Puerto Rico and Defendant. It does not bind any other federal district, state, or local authorities.

**17. ENTIRETY OF PLEA AND FORFEITURE AGREEMENT**

This written agreement constitutes the complete Plea and Forfeiture Agreement between the United States, Defendant, and Defendant's counsel. The United States has made no promises or representations except as set forth in writing in this Plea and Forfeiture Agreement and deny the existence of any other term and conditions not stated herein.

**18. AMENDMENTS TO PLEA AND FORFEITURE AGREEMENT**

No other promises, terms or conditions will be entered unless in writing and signed by all parties.

*JC*
*LFF*

### 19. DISMISSAL OF ALL REMAINING COUNTS

At sentencing, should the Defendant comply with the terms of this Plea and Forfeiture Agreement, the Government will move to dismiss all remaining Counts charged in the Indictment.

### 20. VOLUNTARINESS OF GUILTY PLEA

Defendant acknowledges that no threats have been made against him and that he is pleading guilty freely and voluntarily because he is guilty.

**ROSA EMILIA RODRÍGUEZ-VÉLEZ**
United States Attorney

_____
**Timothy Henwood**
First Assistant U.S. Attorney
Dated: 2-20-18

_____
**Jenifer Y. Hernández-Vega**
Assistant U.S. Attorney
Chief, Violent Crimes Unit
Dated: Feb 20, 2018

_____
**Max Pérez-Bouret**
Assistant U.S. Attorney
Dated: Feb-20-18

_____
**John J. Connors**
Counsel for Defendant
Dated: 3/21/18

_____
**Luis Fontanez-Castro**
Defendant
Dated: 21-3-2018

## UNDERSTANDING OF RIGHTS

I have consulted with my counsel and fully understand all of my rights with respect to the Indictment pending against me. Further, I have consulted with my attorney and fully understand my rights with respect to the provisions of the <u>Sentencing Guidelines, Policy Statements, Application,</u> and <u>Background Notes</u> which may apply in my case. My counsel has translated the plea agreement it to me in the Spanish language and I have no doubts as to the contents of the agreement. I have read this Plea and Forfeiture Agreement and carefully reviewed every part of it with my attorney. I fully understand this agreement and voluntarily agree to it.

Date: 21 - 3 - 2018

*[signature]*
**LUIS FONTANEZ-CASTRO**
Defendant

I am the attorney for Defendant. I have fully explained Defendant's rights to Defendant with respect to the pending Indictment. Further, I have reviewed the provisions of the <u>Sentencing Guidelines, Policy Statements, Application,</u> and <u>Background Notes</u>, and I have fully explained to Defendant the provisions of those guidelines which may apply in this case. I have carefully reviewed every part of this Plea and Forfeiture Agreement with Defendant. I have translated the plea agreement and explained it in the Spanish language to the defendant who has expressed having no doubts as to the contents of the agreement To my knowledge, Defendant is entering into this Plea and Forfeiture Agreement voluntarily, intelligently, and with full knowledge of all consequences of Defendant's plea of guilty.

Date: 3/21/18

*[signature]*
**JOHN J. CONNORS**
Counsel for Defendant

## STIPULATION OF FACTS

In conjunction with the submission of the accompanying Plea and Forfeiture Agreement in this case, the United States of America and Defendant, **LUIS FONTANEZ-CASTRO**, agrees that the following recitals provide a true and accurate summary of the facts leading to Defendant's acceptance of criminal responsibility for violation of Title 21 U.S.C. § 841(a) and Title 18 U.S.C. § 924(c). The following is a synopsis of the facts in this case:

On December 14, 2017, Puerto Rico Police Department (PRPD) officers were conducting a preventive patrol at the Manatial Public Housing Project ("PHP"). Upon entering the PHP, the officers noticed a male individual, later identified as **LUIS FONTANEZ-CASTRO**, standing in the sidewalk. When **LUIS FONTANEZ-CASTRO** noticed the police presence, he hid behind a light pole and reached towards his waistband for a firearm. The officers proceeded to exit their unmarked vehicle and place **LUIS FONTANEZ-CASTRO** under arrest. A search incident to the arrest revealed that **LUIS FONTANEZ-CASTRO** was carrying a Glock pistol, Model 23, .40 caliber, bearing serial number RFM-489, loaded with 21 rounds of ammunition inside a 22 round extended magazine (hereinafter "firearm"). In addition, the officers seized nine baggies and ten plastic containers of marijuana.

**LUIS FONTANEZ-CASTRO** acknowledges that he possessed the marijuana for distribution purposes and the firearm in furtherance of a drug trafficking crime.

At trial, the United States would have proven beyond a reasonable doubt that Defendant is guilty as charged in Counts Two and Three of the Indictment. This would have been proven through physical and documentary evidence, including, but not limited to, testimony of PRPD and ATF Agents, photographs, documents, and other physical evidence.

Discovery was timely made available to Defendant.

_____
**Max Pérez-Bouret**
Assistant United States Attorney
Dated: 2-16-18

_____
**JOHN J. CONNORS**
Counsel for Defendant
Dated: 3/21/18

_____
**LUIS FONTANEZ-CASTRO**
Defendant
Dated: 21-3-2018