<pre>
THE UNITED STATES DISTRICT COURT
   FOR THE DISTRICT OF PUERTO RICO


UNITED STATES OF AMERICA,
       Plaintiff,

            v.                          CRIMINAL NO. 17-641 (PG)

LUIS FONTANEZ-CASTRO
       Defendant.
</pre>

**SENTENCING MEMORANDUM**

THE HONORABLE JUAN M. PEREZ-GIMENEZ
UNITED STATES DISTRICT JUDGE
FOR THE DISTRICT OF PUERTO RICO

COMES NOW, Mr. Luis Fontanez-Castro, (herein "Mr. Fontanez") represented by the Federal Public Defender for the District of Puerto Rico, and before this Honorable Court respectfully STATES and PRAYS as follows:

**I – INTRODUCTION**

On March 21, 2018, the defendant pled guilty to counts two and three of the indictment filed against him. Count two charged him with Possession of a Controlled Substance with an Intent to Distribute in violation of 21 U.S.C. s 841 (b) (1) (D). Count three charged him with Possession of a Firearm in Furtherance of a Drug Offense in violation of 18 U.S.C. s 924 (c). A pre-sentence investigation interview was done with Mr. Fontanez on June 7, 2018. The interview was conducted via teleconference by Ms. Malissa Aponte of the United States Probation Department. Defense counsel was present. A pre-sentence investigation report was filed on June 14, 2018 and amended on August 8, 2018. A sentencing date has been set for September 4, 2018. The defendant is respectfully asking the court to follow the plea agreement and impose a total sentence of sixty (60) months, which includes a sentence of zero months on count two, followed by a five (5) year period of supervised release.

The defense believes this is a just and fair sentence that more than meets the desired principles of 18 U.S.C. s 3553. This is based on Mr. Fontanez's complete lack of criminal history, excellent job skills and work history, strong support system and family ties, his own victimization and need for mental health counseling, his dependence on marijuana which is likely based on his childhood abuse, his insight and remorse, the particular facts of this case as well as his significant progress toward rehabilitation.

## II. Important Things to Consider About Luis Fontanez-Castro
## History and Characteristics of the Offender
### A) Mr. Fontanez is a First Time Offender in Need of Mental Health Treatment After Being Sexually Assaulted as a Child

Mr. Fontanez is a true first time offender. He has no prior arrests. Despite struggling in seventh and eighth grade, he eventually earned his GED. He started work at a young age and has a wide variety of marketable, job skills. He survived his mother's alcoholism and the domestic violence he witnessed at home as a child. He almost did not survive the sex abuse and multiple rapes by a cousin when he was a five (5) year old child. Those events led to depression, anxiety and anger. Although he was afraid to tell anyone about these brutal rapes until recently he knows they affected him in a very profound way. His cousin eventually went to prison but there have been times in Luis's life when he has felt extreme rage. There have been times he felt as though he was living outside his own body. While he was still very young (age fourteen (14)) he learned to use marijuana as a means to calm himself and keep a lid on his anger. Despite his drug use, he was able to learn several trades. He has worked as a painter, demolition worker and construction worker. He enjoys working and is a hard worker. Unfortunately, Hurricane Maria led to a lack of any available work and Luis turned to selling marijuana to be able to meet his own need for the drug. When he no longer had enough money to buy marijuana, he worked selling it in exchange for being given some for his own personal use. Fortunately, this involvement only lasted a month and he was not hurt or killed. The gun he was carrying was strictly for protection during this dangerous endeavor. He is not a violent person and he says he would never want to physically hurt anybody else. Looking

back, the whole experience seems surreal to Luis except that he knows he is now sitting in jail and expecting to spend at least the next five (5) years behind bars. We respectfully contend that is more than enough time to keep him from re offending and to meet the other purposes of sentencing.

In fact, many studies show that individuals with no criminal history points such as Mr. Fontanez are the lowest risk for recidivism. No less authority than the United States Sentencing Commission has reasoned: "first offenders are less-culpable, less likely to re-offend, and deserving of reduced punishment. A powerful predictor of a reduced likelihood of recidivism is the lack of any prior involvement with the criminal justice system". See United States Sentencing Commission, Recidivism and the "First Offender" at 17 (May 2004).

### B) Luis Has a Very Strong Support System


*(Luis' Daughters)*

The Sentencing Commission's study also identifies several other important, offender characteristics in the context of recidivism. These same factors were measured in the Risk Prediction Index (RPI) developed by the Federal Judicial Center. In addition to having no prior contact with the criminal justice system, the RPI also

indicates that Mr. Fontanez's risk to re-offend is low because he has the support of a strong, close-knit, law-abiding family.

Mr. Fontanez is very close to his mother and sister Carluisa. Mr. Fontanez has watched his mother struggle and overcome her alcoholism. She has been a great example. He has seen that it was not easy but she did it for herself and her children. He has seen how counseling has helped her overcome her problems and get control of her addiction. Her example is why he finally shared with her that he was sexually assaulted. It is also part of his decision to seek help for his anger and drug abuse. Because of her own experiences, she saw changes in Luis and that he was struggling. She is now able to speak to him about what he needs to do to keep clean and build a better life. She is able to give him good advice because she has fought the same battles he needs to fight. He knows his mother loves him and will be proud of him when he takes full control of his life. This is a strong motivator for him. He also knows she will be straight with him and call him on mistakes. Although she knows she will miss him his mother has encouraged Mr. Fontanez to make a new start in Florida once he is released. She knows there are many bad influences in the area where Luis grew up and she wants him to have the best chance for success in the future.

Luis is also very close to his sister Carluisa. She was with him when they were hiding in their bedroom when their parents fought and hurt each other on a regular basis. She shared the pain when they were both removed from their home and put in foster care because of the domestic violence. She has been in some minor trouble herself. She knows how important it is to maintain a support system. She makes it clear she loves her brother very much and wants to be a positive part of his life. She knows he needs help for his anger and for his drug use. She is not afraid to tell him when he is wrong. She is quick to remind him that they are family and in everything together.

Luis also has strong support from his older sister, Cynthia Diaz who works as a secretary in an Auto Repair shop in Florida. She knows the basic goodness and kindness of her brother so she was shocked to learn of his arrest. She immediately confronted him and told him in very direct terms the changes he needed to make in his life. She warned him he was headed to a bad place and that he needed to find legitimate work. Despite her

own hardships raising her own family she is willing to help her brother in any way she can including helping him relocate to the Miami area where she thinks he can find a good job. She has already arranged with other family members to give Mr. Fontanez and his wife a place to live and leads on finding work in construction or remodeling.



*(Luis and his sisters Carluisa and Cynthia)*

The United States Sentencing Commission has said, "[t]he single best predictor of successful release from prison is whether the former inmate has a family relationship to which he can return. Studies have shown that prisoners who maintain family ties during imprisonment are less likely to violate parole or commit future crimes after their release than prisoners without such ties." U.S. Sentencing Commission, "Recidivism and the First Offender" (2010) Luis clearly fits within this category of offender. He is close to his mother and his sisters. They plan to be there for him. They are a big part of the reason it is unlikely that Luis will be back in front of the court in the future.

### C) Luis Has a Great Attitude About His Past and His Future.

Luis says he has learned a lot form his arrest and incarceration in this case. He misses his freedom and he desperately misses his family. His criminal activity only netted him about five ($5.00) dollars a day and he was at risk of great physical harm the whole time. Now he finds himself away from his children and hears about them suffering on a daily basis. That tears him apart because he knows he is the cause of their pain. He says that in addition to losing his liberty he has lost important life experiences such as his children's birthdays that he will never regain. He knows "his wife and both daughters have been greatly affected." He also "knows his mother is suffering and that causes him to suffer". Despite all the pain Luis is positive about the future and wants to make up for lost time. He has heard probation can help him find work and counseling and he wants to take full advantage of their help. His has clear goals of "having a better life and getting out of the system"

### D) Because Luis is a First Offender, a Long Period of Incarceration Will Be Detrimental to Him and His Family and Counterproductive.



*(Family Celebration for Graduation)*

Although the Sentencing Commission has been unable to reach consensus on the definition of a

"first offender." a report published by the Sentencing Commission in 2004 was a component of the "Fifteen Year Report on the U.S. Sentencing Commission's Legislative Mandate." The report summarized data amassed since 1989 in an effort to give new consideration of first offender status into the guidelines. Since Luis has zero criminal history points, he is truly within Criminal History Category I (CHC I) and a first offender. Unfortunately, his criminal history category also applies to defendants with a prior conviction resulting in one criminal history point; defendants with several convictions that receive no points because the conviction and/or sentence took place many years in the past; and defendants who have been arrested several times without incurring a conviction. The Guidelines do not provide a mechanism for which to take into consideration a defendant, like Luis, who is a true "first offender and the Guidelines authorize the same sentence for Luis as someone who has a criminal past. Reviewing the data, the Commission reasoned that first offenders are less likely to re-offend and deserving of reduced punishment. Luis is someone who is least likely to re-offend and his risk for recidivism is extremely low. The Commission reports that individuals like him have a recidivism rate of 6.8% Id at 16. See, United States Sentencing Commission, Recidivism and the First Offender at 17 (May 2004).

There are also other reasons why the minimum amount of prison time makes sense in a case like this one. In the US Department of Justice August 2013 Report entitled "Smart on Crime"( the "Smart on Crime" initiative), Former Attorney General Eric Holder stated that, upon studying all phases of the criminal justice system, the preliminary results suggest a need for a significant change in the department's approach to enforcing the nation's laws. "Today, a vicious cycle of poverty, criminality and incarceration traps too many Americans and weakens too many countries. However, many aspects of our criminal justice system may actually exacerbate this problem, rather than alleviate it… It is time to rethink the nation's system of mass imprisonment… This pattern of incarceration is disruptive to families, expensive to the tax paper, and may not serve the goal of reducing recidivism… For many non-violent low-level offenses, prison may not be the most sensible method of punishment. But even for those defendants who do require incarceration, it is important to ensure a sentence length commensurate with the crime committed."

It has become clear that, "Generally, a lesser prison term is sufficient to deter one who has not been

subject to prior lengthy incarceration." *United States v. Qualls*, 373 F. Supp. 2d 873, 877 (E.D. Wis. 2005).

We respectfully suggest that when considering "just punishment" and "adequate deterrence", prison means more to someone like Mr. Fontanez than to other defendants who have previously been imprisoned. Because Luis is a first time, non-violent offender, whose family will be impacted by his sentence in this case we respectfully suggest the minimal amount of prison time is warranted.



*(Luis' Children)*

### E) The Facts of This Case

Mr. Fontanez was arrested with a handgun, relatively small amount of drugs and cash. He was not part of a drug organization or operating a drug point. He did not possess an automatic weapon or large amount of ammunition. He was essentially cooperative with the police. The police had no information that he was a drug

8

dealer or had a history of dealing drugs. Luis reports he only made a small amount of money and was primarily working to obtain marijuana for his own use. There is no evidence or information to contradict his claim that but for the hurricane and lack of work, he would never have been arrested for this type of offense. He has no criminal history or indication that he is a violent or dangerous person. He has good skills and employment history. He has sincere remorse. The defense respectfully submits that five (5) years in custody is sufficient but not greater than necessary to meet the statutory and constitutional goals of sentencing in federal court.

**WHEREFORE** it is respectfully requested that this Honorable Court consider the information provided in this Sentencing Memorandum submitted by Mr. Fontanez and impose the recommended sentence.

**I HEREBY CERTIFY** that on this date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System, which will send electronic notification of such filing to the parties of record.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, 23rd day of August, 2018.

**ERIC A. VOS**
**FEDERAL PUBLIC DEFENDER**

**_S/John Connors_**
John J. Connors
Assistant Federal Public Defender
USDC-PR G01305
E-mail: John_Connors@fd.org